# BALTIMORE CITY COURT.

Filed November 4, 1910.

VICTOR G. BLOEDE AND DANIEL A. LEONARD
VS.
MAYOR AND CITY COUNCIL.

*William P. Lyons* for petitioner.
*Edgar Allan Poe* for respondent.

**ELLIOTT, J.—**

The appeal in this case is from an award made by the Commissioners for Opening Streets of the City of Baltimore, incident to the opening of Eleventh street west, south from Edmondson avenue to Frederick road.

The ground involved is that lying in the bed of Eleventh street, beginning at a point on the east side thereof 52 feet 5 inches south of Edmondson avenue, and extending along said east side 960 feet, more or less, with an even width of 66 feet, and the complaint made by the petition is that said commissioners have treated said ground as if there had been a previous dedication of the same as forming the bed of Eleventh street.

It is a concessum in this case that any dedication so found to have been made, must depend or must be based upon a report of sale, and the deeds subsequently issued, made by Samuel D. Schmucker et al., trustees, filed in the Circuit Court of Baltimore City in the cause therein, involving the estate of the late Henry Clay Miller. By said report a certified copy of which is filed in this case marked exhibit one, it appears that said trustees having purchased certain land upon which the late Henry Clay Miller held a mortgage, said purchase having been made at a foreclosure sale, were about to dispose thereof, subject to the ratification of said court, and they asked the authority of the court to make a sale of a portion to the Mayor and City Council of Baltimore, for the use by it for a public park, and to dispose of the balance of said tract to Victor G. Bloede, it being stipulated by said Bloede, that the sale to him should not be binding upon him unless the sale to the Mayor and City Council should be ratified.

In said report of sale the land sold to the Mayor and City Council was said to be "all that part thereof which lies east of the east side of Eleventh street," and the part sold to Victor G. Bloede was "all that part of said tract which lies west of the east side of Eleventh street."

In the deeds subsequently executed in carrying out the sale so as aforesaid made by said trustees, the ground deeded to the Mayor and City Council of Baltimore was described as bounding on the east side of Eleventh street, which street was located "as defined on the official plat of Baltimore County, made by William H. Shipley, county surveyor in the year 1876."

It has been agreed in this case "that Eleventh street, as defined on the official plat of Baltimore County, made by William H. Shipley, County Surveyor, in the year 1876, is a proposed street 66 feet in width, and that the east side of said street, as defined on said official plat of Baltimore County, corresponds with the east side of said street as proposed to be now opened."

The controversy in the present case has arisen because the petitioner claims that no dedication of said Eleventh street has been made, while the Street Commissioners, basing their action upon a claim of dedication have allowed the petitioner only nominal damages for the portion of land which they have taken.

In any decision which this court makes, it is to be governed not only by the terms of the deed claimed to have effected the dedication, but also by the circumstances under which that deed was made, so far as they reflect an intention to dedicate or to refrain from dedication.

Discussing the matter from that standpoint, several considerations occur to the court:

First. In both of the deeds executed by the trustees above mentioned, the land conveyed by them is described as binding "on the east side of Eleventh street," and said Eleventh street was referred to as definitely located upon an official plat adopted as one in accordance with which that street was intended to be thereafter opened.

Second. The land sold and conveyed to the Mayor and City Council of Baltimore was intended for the purposes of a public park, and, the petitioner made his purchase of the land adjoining, conditional upon the establishment of such a park.

Third. That in buying the land which he did buy the petitioner must be taken to have contemplated the immediate enhancement which would occur in the value of his land by reason of the proximity of the park.

This consideration rather gains additional force by reason of the fact that it is admitted in this case that Daniel A. Leonard through whom the original option came from the trustees, and who united in the respective deeds is still himself interested with the petitioner in said land.

Fourth. It may very well be taken for granted that when the Mayor and City Council of Baltimore, bought land for the purposes of a public park, and had that land described as binding on a street which street was then laid down on a plat officially adopted, they intended to get the benefit of the street as a means of ingress and egress to and from the public park necessarily created for the uses of the public.

Our Court of Appeals in the case of Baltimore City vs. The Northern Central Railroad Company, through the mouth of Judge Pearce, has stated the essential elements of a dedication to public use. Those essential elements are said to be first, a street designated on a plat made or adopted by the party himself as passing over his lands, second, a subsequent conveyance by him of lots binding on such street, and third, the retention at the time of the conveyance by the owner of the fee in the bed of the street.

It would seem that all those elements are present in this case.

The only one about which there could be any doubt is that designated above as the third, and yet even that doubt disappears as it seems to the court upon examination.

If the trustees whose deed is claimed to have worked the dedication, had executed no deed but that to the Mayor and City Council, and had retained the fee in the remainder of the land, which included the bed of the street after describing the land conveyed to the Mayor and City Council as binding upon a street located upon an adopted plat, there would seem to be no doubt that they had made a dedication in which all the essential elements were present.

Can it be claimed that because the trustees deed to the petitioner was a part of the same transaction by which the city acquired its title that a dedication effected by the city's deed is to be struck down.

I cannot think so.

And for a very simple reason, and that is, that the petitioner having made his purchase upon the condition that the city should purchase and establish a public park, which park was described as fronting on a street, which street we have a right to assume was essential to its use as a public park, it does not lie in the mouth of the petitioner now to claim that it was not intended that the street should be there, or that the necessary ground for a public street was not intended to be dedicated.

To conclude otherwise would be to give the petitioner the benefit of a public park and, depriving the Mayor and City Council of Baltimore City of the use of its street, oblige it to pay him for the ground necessary to put there the very street necessarily involved in the transaction to which he himself was a party.

The appeal of the petitioner will be dismissed and the award of the Street Commissioners will be ratified.